Jack E. SOMERFIELD, Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, et al., Defendants.

Civ. No. 3–85–253.

United States District Court, E.D. Tennessee, N.D.

April 25, 1985.

Charles A. Wagner, III, Knoxville, Tenn., for plaintiff.

John Gill, U.S. Atty., Nancy Palmer, Asst. U.S. Atty., Knoxville, Tenn., James A. Clark, John C. Murphy, F.D.I.C., Washington, D.C., for defendants.

## MEMORANDUM

JARVIS, District Judge.

This is a cause of action for declaratory judgment and injunctive relief. The case is before the Court on the following motions: (1) motion for preliminary injunction by plaintiff (Doc. # 2); (2) request for continuance by Federal Deposit Insurance Corporation (FDIC) (Doc. # 7); (3) motion for transfer to Northeastern Division by defendant FDIC (Doc. # 8); (4) motion to dismiss by defendants (Doc. # 12).

This cause of action arises out of the issuance by the FDIC of a "Notice of Intention to Remove and to Prohibit From Further Participation" against plaintiff Jack E. Somerfield, which alleged that Somerfield had committed violations of law, rules and regulations and engaged or participated in unsafe or unsound practices in connection with the operation of the Peoples Bank and Trust Company, Wartburg, Tennessee. (Doc. # 1, Exh. # 1). The Notice of Removal sets forth specific acts of violations which allegedly occurred during plaintiff's tenure as Chairman of the Board of Directors and Chief Executive Officer of the Bank. *Id.* The Notice further alleges that the Bank has suffered or will probably suffer substantial financial loss or other damage and that plaintiff has received financial gain by reason of such violations and breached his fiduciary duties, thereby demonstrating the unfitness of plaintiff to

serve as a director or officer and/or to participate in the conduct of the affairs of the Bank or any other bank insured by the FDIC. *Id.* The Notice further provides that a hearing will be held at Knoxville, Tennessee, commencing 60 days from service of the Notice of Intention to Remove and to Prohibit From Further Participation. *Id.* The Notice of Intention to Remove was served on plaintiff on November 2, 1984; however, plaintiff allegedly resigned his position with the Bank on November 1, 1984.

The FDIC is empowered to serve on an officer or director of a bank or a participant in the affairs of a bank a notice of intention to remove him from office when, in the opinion of the FDIC, the director, officer or participant has committed any violation of law, rule or regulation or engaged or participated in any unsafe or unsound practice in connection with the bank, or breached a fiduciary duty in connection with his duties with the bank. 12 U.S.C. § 1818(e). Plaintiff's contention is that § 1818(e) is applicable only to present officers and participants and therefore that the FDIC exceeded its statutory authority in issuing the notice of removal against him because he resigned prior to the date the notice was issued. Plaintiff moved the Administrative Law Judge ("ALJ"), before whom the case was set, to dismiss the administrative proceeding on the basis of clear lack of jurisdiction. The ALJ denied the motions and plaintiff filed a request for special permission to appeal to the FDIC Board of Directors. Apparently that request is currently before the FDIC Board of Directors. The administrative hearing of which plaintiff complains is scheduled to begin the week of July 8, 1985.

Plaintiff contends that he is entitled to injunctive relief because the FDIC exceeded its statutory authority in issuing the notice against him and that he will be irreparably harmed by being forced to defend this proceeding.

Defendants say that plaintiff is not entitled to a preliminary injunction because it is unlikely that plaintiff will prevail on the merits because this Court has no jurisdiction to review a notice of removal; litigation expense is not a ground of irreparable harm; and the issuance of a preliminary injunction would cause substantial harm to the public.

Further, defendants move to dismiss the case on the grounds that this Court lacks jurisdiction to grant the relief plaintiff seeks. Defendants say that Congress has plainly and unequivocally divested district courts of jurisdiction to review a notice of removal. 12 U.S.C. § 1818(i).* Defendants say the only provision for district court review of a removal or suspension order is in 12 U.S.C. § 1818(f), which gives the district court jurisdiction to stay an order of suspension and/or prohibition pending completion of the administrative proceedings. Because plaintiff failed to seek a stay of the notice, defendants say plaintiff must wait until the FDIC issues a final decision and may then seek review in the Court of Appeals. 12 U.S.C. § 1818(h). Defendants say that the exception to exhaustion of administrative remedies is not applicable in this case because a fact question exists whether plaintiff participated in the affairs of the Bank after his alleged resignation as director, and that this fact question should be determined in the administrative proceeding. Further, defendants say that the agency should be given the opportunity to determine whether it has jurisdiction. Finally, defendants say that the statutory scheme contemplates that FDIC can issue against former officers and participants of a bank a notice of intention to remove because only those officers who have been issued a notice of intention to remove can be prevented from participating in the affairs of other insured banks.

---

* Section 1818(i) states in part:

    [E]xcept as otherwise provided in this section no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforce- ment of any notice or order under this section, or to review, modify, suspend, terminate, or set aside any such notice or order.

The Court is of the opinion that a fact question exists whether plaintiff was participating in the affairs of the Bank on the date of the notice of intention to remove, and that this fact question is properly resolved in the administrative proceedings. The Court further is of the opinion that whether FDIC is empowered to issue a notice of removal against a former officer or participant is a question to be addressed to the Court of Appeals pursuant to the provisions for judicial review provided in 12 U.S.C. § 1818(h). Finally, the Court is of the opinion that it lacks jurisdiction of this action pursuant to 12 U.S.C. § 1818(i).

For the foregoing reasons, plaintiff's Motion for Preliminary Injunction be and the same hereby is DENIED; FDIC's request for a continuance is DENIED as moot; FDIC's Motion for Transfer to Northeastern Division be and the same hereby is DENIED; and defendant's Motion to Dismiss for lack of jurisdiction be and the same hereby is GRANTED.

Order accordingly.