839 F.2d 1349
 Urbano C. ANAYA, III, Consultant and former Vice President
and Chief Financial Officer, Petitioner-Appellant,
v.
FEDERAL HOME LOAN BANK BOARD and the Federal Savings and
Loan Insurance Corporation, Respondents-Appellees.
 No. 87-7047.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Dec. 18, 1987.
Decided Feb. 19, 1988.
 
 Mario G. Obledo, Sacramento, Cal., for petitioner-appellant.
 Dorothy L. Nichols, Thomas J. Segal, Catherine A. Ribnick, Federal Home Loan Bank Bd., Washington, D.C., for respondents-appellees.
 Appeal from the Federal Home Loan Bank Board.
 Before SCHROEDER, BEEZER and HALL, Circuit Judges.
 SCHROEDER, Circuit Judge:
 
 
 1
 This is an appeal from an administrative enforcement decision of the Federal Home Loan Bank Board. The decision barred a former officer of a savings and loan institution from further participation in the savings and loan industry without prior FSLIC written approval. Such an order is authorized by the provisions of the National Housing Act, ch. 847, 48 Stat. 1246 (1934) (codified as amended at 12 U.S.C. Secs. 1701 et seq. (1982 & Supps. 1985, 1986 & 1987)), and we have appellate jurisdiction pursuant to section 407(j)(2) of that Act, 12 U.S.C. Sec. 1730(j)(2). We affirm.
 
 
 2
 The appellant, Urbano Anaya, is a former officer of the Presidio Savings and Loan Association in Porterville, California, an institution which the Bank Board has now determined is insolvent and in receivership. In his appeal, Anaya does not challenge the Bank Board's factual findings, which essentially adopted the findings of the administrative law judge. Nor does he dispute that his actions would constitute grounds for sanctions pursuant to 12 U.S.C. Sec. 1730(g)(1), under which he was charged.
 
 
 3
 The sole issue that we must address is one of statutory interpretation. Under section 407(g)(1), the FSLIC may act against "any director or officer of an insured institution" who has committed certain wrongful acts. 12 U.S.C. Sec. 1730(g)(1). Appellant was an officer at the time he committed the wrongful acts, but he had subsequently resigned and was serving as a consultant at the time he was served with notice of the FSLIC's intent to prohibit his further participation in the institution's affairs. Thus, we must decide whether section 407(g)(1) precludes the exercise of jurisdiction over persons who have resigned from their positions at the time of service.
 
 
 4
 Because we hold that the statute's provision is aimed at persons who were officers and directors at the time of the alleged misconduct, and that the Agency correctly proceeded pursuant to that provision, we affirm. It is therefore not necessary to reach the FSLIC and Bank Board's alternative argument that the proceedings were properly pursued under 12 U.S.C. Sec. 1730(g)(2).[1]
 
 
 5
 Anaya's position is that because he was not an officer or director at the time he was served, the Bank Board never obtained jurisdiction under section 407(g)(1) to proceed against him.
 
 Section 407(g)(1) provides:
 
 6
 Whenever, in the opinion of the Corporation, any director or officer of an insured institution has committed any violation of law, rule, or regulation or of a cease-and-desist order which has become final, or has engaged or participated in any unsafe or unsound practice in connection with the institution or has committed or engaged in any act, omission, or practice which constitutes a breach of his fiduciary duty as such director or officer, and the Corporation determines that the institution has suffered or will probably suffer substantial financial loss or other damage or that the interests of its insured members could be seriously prejudiced by reason of such violation or practice or breach of fiduciary duty or that the director or officer has received financial gain by reason of such violation or practice or breach of fiduciary duty, and that such violation or practice or breach of fiduciary duty is one involving personal dishonesty on the part of such director or officer, or one which demonstrates a willful or continuing disregard for the safety or soundness of the institution, the Corporation may serve upon such director or officer a written notice of its intention to remove him from office or to prohibit his further participation in any manner in the conduct of the affairs of the institution. (emphasis added).
 
 
 7
 National Housing Act Sec. 407(g)(1), 12 U.S.C. Sec. 1730(g)(1), as amended by section 107(c)(2) of the Financial Institutions Regulatory and Interest Rate Control Act of 1978, Pub.L. 95-630, 92 Stat. 3641, 3658.
 
 
 8
 We are in full agreement with the Board's decision that Congress intended section 407(g)(1) to authorize proceedings against officers and directors who engage in misconduct while in office, and that Congress could not have intended to limit its coverage solely to those who are officers and directors at the time that the written notice is issued. The statute authorizes the FSLIC to issue notice whenever a director or officer has committed the proscribed acts, thus focusing on the person's status at the time the misconduct occurred.
 
 
 9
 In addition, the statute provides that the FSLIC may remove the person from office "or" prohibit the individual from further participation in the institution in which he or she serves. The use of the disjunctive "or" creates a class of persons, including this appellant, who are not subject to removal from office as an officer or director, but whom the FSLIC can prohibit from further activity.
 
 
 10
 In making its decision, the Board was well aware of the Act's purpose and history. The Board stated:
 
 
 11
 Anaya's suggested interpretation that the agency limit the reach of Section 407(g)(1) to current directors and officers would frustrate the enforcement purpose of the statutory scheme. Accordingly, it is the established policy of this agency, as well as the other banking agencies acting under their parallel enforcement provisions, to charge former directors and officers under Section 407(g)(1). See Somerfield v. Federal Deposit Insurance Corporation, 609 F.Supp. 128 (E.D.Tenn.1985).
 
 
 12
 Moreover, reading Section 407(g)(1) to reach both current and former directors and officers is consistent with the legislative history of the Financial Institutions Supervisory Act of 1966 that added Section 407(g) to the National Housing Act.
 
 
 13
 [I]f the agency becomes aware of transactions showing that the person or group in control of an institution is fundamentally lacking in the integrity demanded by a position of public trust and responsibility for millions of dollars of other people's savings, that person should be removed from office. It would be ineffectual to chase after him with cease and desist orders, telling him to stop robbing the institution by one device but leaving him free to think up another and use it for awhile.
 
 
 14
 112 Cong. Rec. 20233 (daily ed. Aug. 22, 1966) (statement of Sen. Proxmire).
 
 
 15
 Decision and Order pp. 20-21.
 
 
 16
 Even if the statute contained any ambiguity, we would uphold the Board's decision as a reasonable interpretation that hence is entitled to deference. Chevron U.S.A. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843, 104 S.Ct. 2778, 2781-82, 81 L.Ed.2d 694 (1984). The Board's interpretation both gives effect to the plain meaning of the statutory language, and also prevents a wrongdoer from evading enforcement by simply resigning.
 
 
 17
 Moreover, the Board's decision is fully in accord with established common-law principles of corporate governance. These principles hold officers and directors accountable as fiduciaries for actions taken while they held office, regardless of their status at the time an action is filed. See H. Henn & J. Alexander, Laws of Corporations 625-28 (3d ed. 1983) (fiduciary duties of corporate officers and directors); W. Knepper, Liability of Corporate Officers and Directors 191-92 (3d ed. 1978) (fiduciary duties for financial institution management same as those owed by corporate directors and officers).
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 That provision pertains to officers and directors who injure insured institutions other than their own and to "any other person" participating in the conduct of insured institutions, permitting the FSLIC to remove such persons from office or prohibit them from further participation in the affairs of an institution. The notice of intent to remove or prohibit did not cite to this provision